REQUESTED BY: Lawrence R. Myers, Executive Director Nebraska Equal Opportunity Commission
Is the termination of an employee who filed a worker's compensation case against her employer a violation of the retaliation section in the Nebraska Fair Employment Practices Act?
No.
The charging party, a janitor, had been employed with the Respondent since February, 1985. She had surgery on her right hand in December of 1985 and again in May, 1986. The doctor released the charging party to return to work on June 2, 1986. She was not given her same position but was put on hold for a different job. On August 11, 1986, she was rehired but she was terminated on or about August 29, 1986. The charging party filed a worker's compensation case against the Respondent in which the court date was set for September 8, 1986. A superior informed the charging party that she was terminated because of the pending lawsuit.
Neb.Rev.Stat. § 48-1114(3) (1986 Cum.Supp.) provides that "It shall be an unlawful employment practice for an employer to discriminate against any of his or her employees or applicants for employment, . . . because he or she has opposed any practice or refused to carry out any action unlawful under federal law or the laws of this state." "Unlawful under federal law or the laws of this state shall mean acting contrary to or in defiance of the law or disobeying or disregarding the law." Neb.Rev.Stat. § 48-1102(11) (Cum.Supp. 1986). The legislative history indicates that the provision is intended to protect people who are discriminated against because they refuse to carry out an order which requires the employee to violate the law. The legislative history also indicates that this is not intended to protect every employee that speaks out against his or her employer.
In construing the retaliation provision of Title VII, courts have used a standard causation test. To establish a prima facie case, the plaintiff must show that he or she engaged in activity protected under Title VII, that his or her employer subjected him or her to adverse employment action, and that there was a causal link between the protected activity and the employer's action. Miller v. Fairchild Industries, Inc., 797 F.2d 727, (9th Cir. 1986); and Cooper v. City of North Olmsted, 795 F.2d 1265 (6th Cir. 1986). Although our statute allows for a broader range of protected activity, the applicable causation test would remain unchanged.
The charging party's retaliation claim is based on her filing of a worker's compensation claim. She was not asked to carry out an activity which is a violation of the law. Therefore, the filing of the worker's compensation claim is not a protected activity under the Fair Employment Practices Act. Since this is not a protected activity, the retaliation provision would not afford relief to the charging party.
Sincerely,
ROBERT M. SPIRE Attorney General
Elaine A. Catlin Assistant Attorney General